UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

KANSAS CITY

| | |
|---|---|
| YELLOWDOG PARTNERS, LP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURO GROUP HOLDINGS CORP., *et al.*,<br><br>Defendants. | Civil Action No. 2:18-cv-02662-JWL-KGG<br><br><u>CLASS ACTION</u> |

ORDER PRELIMINARILY APPROVING SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE SETTLEMENT CLASS

WHEREAS, an action is pending before this Court entitled *Yellowdog Partners, LP v. CURO Group Holdings Corp., et al.*, Civil Action No. 2:18-cv-02662-JWL-KGG (D. Kan.) (the "Litigation");

WHEREAS, Lead Plaintiff, on behalf of the proposed Settlement Class, having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated as of July 31, 2020 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons and entities who purchased or otherwise acquired Curo publicly traded common stock between April 27, 2018 and October 24, 2018, inclusive. Excluded from the Settlement Class are Curo, the Individual Defendants, the Founder Defendants, and the FFL Defendants; the officers and directors of Curo and the FFL Defendants during the Settlement Class Period; members of the immediate family of any excluded person; the legal representatives, heirs,

successors, or assigns of any excluded person or entity; and any entity in which a Defendant has or had a controlling interest during the Settlement Class Period.

3. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements described below and in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") to be sent to Settlement Class Members pursuant to this Order.

4. The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff is preliminarily certified as the Class Representative and Lead Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel for the Settlement Class.

6. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and

(iv) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the Settlement Hearing described below.

7. The Settlement Hearing, which the Court may require or permit to be conducted as a telephonic hearing in light of the ongoing exigent circumstances caused by the COVID-19 pandemic, shall be held before this Court on December 18, 2020 at 11:00 a.m., at the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, (A) to determine (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Stipulation should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) whether the Settlement Class should be finally certified for purposes of the Settlement only; (v) whether Lead Plaintiff and Lead Counsel should be finally appointed as Class Representative and Class Counsel, respectively, for purposes of the Settlement only; (vi) the amount of attorneys' fees, charges, and expenses that should be awarded to Lead Counsel; and (vii) any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); and (B) to hear any objections by Settlement Class Members to (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) awards to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Settlement Class. In the event the Court requires or permits a telephonic Settlement Hearing, Lead Counsel is instructed to update the Settlement website to prominently provide such information as well as the dial-in number.

8.     The Court approves, as to form and content, the Notice and Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed as Exhibits A-1 and A-2 to the Stipulation, respectively.

9.     The Court approves the form of the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation.

10.    The Court finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶13, 14 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and other applicable law.

11.    The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

12.    Within seven (7) calendar days of this Order, Curo shall provide or cause to be provided to Lead Counsel and the Claims Administrator, without any charge to Lead Plaintiff or the Settlement Class, the last known names and addresses of all holders of record of Curo common

- 4 -

stock during the Settlement Class Period to the extent such information is within the possession, custody, or control of Curo or its transfer agent.

13. Not later than September 18, 2020 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed to the Stipulation, to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.CuroSecuritiesSettlement.com.

14. Not later than September 25, 2020, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal* and once over a national newswire service.

15. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

16. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Curo common stock between April 27, 2018 and October 24, 2018, inclusive, as record owners but not beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days after their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to the beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice

shall be made available to any record holder requiring such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of timely sending the Notice and Proof of Claim to beneficial owners, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

17. All fees and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees or expenses.

18. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar documentation, any distribution from the Settlement Fund or the Net Settlement Fund.

19. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Settlement Class Member who files a Proof of Claim shall reasonably cooperate with the Claims Administrator, including by promptly responding to any inquiry made by the Claims Administrator. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the Stipulation, the Judgment, and the releases therein, unless otherwise ordered by the Court. Notwithstanding

the foregoing, Lead Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

20. The Proof of Claim submitted by each Settlement Class Member must: (i) be properly completed, signed and submitted in a timely manner in accordance with the preceding paragraph; (ii) be accompanied by adequate supporting documentation for the transactions reported in it, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; (iv) be complete and contain no deletions or modifications of any of the printed matter contained therein; and (v) be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

21. Any Settlement Class Member may enter an appearance in the Litigation, at the Settlement Class Member's own expense, individually or through counsel of the Settlement Class Member's own choice. If a Settlement Class Member does not enter an appearance, that Settlement Class Member will be represented by Lead Counsel.

22. Any Person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is received no later than November 27, 2020. A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's

purchases, acquisitions and sales of Curo common stock between April 27, 2018 and October 24, 2018, inclusive, including the dates, the number of shares of Curo common stock purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

23. Any Person who is excluded from the Settlement Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to seven (7) calendar days before the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in ¶22 above.

24. Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Settlement Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event no later than December 4, 2020.

25. Any Settlement Class Member who does not request exclusion may appear at the Settlement Hearing and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why an amount pursuant to 15 U.S.C. §78u-4(a)(4) should or should not be awarded to Lead Plaintiff; provided, however, that

no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before November 27, 2020, by Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, California 92101 and Willkie Farr & Gallagher LLP, Todd G. Cosenza, 787 Seventh Avenue, New York, New York 10019, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, on or before November 27, 2020.  Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees or expenses in this Litigation; (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention; (iv) state whether the objection applies only to the objector, to a subset of the Settlement Class or to the entire Settlement Class; (v) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of Curo common stock purchased or acquired during the Settlement Class Period, as well as the dates and prices of each such purchase or acquisition; (vi) state whether the objector intends to appear at the Settlement Hearing; (vii) if the objector intends to appear at the Settlement Hearing through counsel, state the identity of all attorneys who will appear on the objector's behalf at the Settlement Hearing; and (viii) state that the objector submits to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement of the Litigation, including, but not limited to, enforcement of the terms of the Settlement.  The Court will consider a Settlement Class Member's objection only if the

Settlement Class Member has complied with the above requirements. Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of fees, charges, and expenses to Lead Counsel or any award to Lead Plaintiff, unless otherwise ordered by the Court. Settlement Class Members submitting written objections are not required to attend the Settlement Hearing, but any Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

26.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27.   All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees, charges, and expenses and award to Lead Plaintiff shall be filed and served by no later than November 13, 2020, and any reply papers shall be filed and served no later than December 11, 2020.

28.   The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, charges, or expenses submitted by Lead Counsel or any award to

Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

29. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, charges, expenses, or awards should be approved. The Court reserves the right to enter the Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

30. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.7 or 2.8 of the Stipulation.

31. Neither this Order, the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

32. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

33. If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had

in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in ¶7.5 of the Stipulation.

34. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims or Released Defendants' Claims.

35. Except to the extent the Settling Parties may agree to resolve through mediation any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED:  September 4, 2020              s/ John W. Lungstrum
                                       THE HONORABLE JOHN W. LUNGSTRUM
                                       UNITED STATES DISTRICT JUDGE