UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

KANSAS CITY

| | |
|---|---|
| YELLOWDOG PARTNERS, LP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CURO GROUP HOLDINGS CORP., et al.,<br><br>Defendants. | Civil Action No. 2:18-cv-02662-JWL-KGG<br><br><u>CLASS ACTION</u> |

ORDER FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES AND LEAD
PLAINTIFF AWARD PURSUANT TO 15 U.S.C. §78u-4(a)(4)

This matter having come before the Court for hearing on December 18, 2020, on the motion of Lead Counsel for an award of attorneys' fees, expenses and Lead Plaintiff award (the "Fee Motion") (Doc. # 98), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated as of July 31, 2020 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Settlement Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Settlement Class Members who could be located with reasonable effort. The form and method of notifying the Settlement Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to persons and entities entitled thereto.

4. The Court hereby awards attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $123,584.38, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5. The fees and expenses shall be allocated among other Plaintiff's Counsel in a manner which, in Lead Counsel's good faith judgment, reflects such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

6. The awarded attorneys' fees and expenses and interest earned thereon, shall be paid to Lead Counsel immediately upon execution of the Final Judgment and Order of Dismissal with Prejudice and this Order and subject to the terms, conditions, and obligations of the Stipulation, and in particular, Section 6.2 thereof, which terms, conditions, and obligations are incorporated herein.

7. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $8,980,000.00 in cash that is already on deposit, and numerous Settlement Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) over 9,400 copies of the Notice were disseminated to potential Settlement Class Members and nominees indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $300,000.00, plus interest on both amounts, and no objections to the fees or expenses were filed by Settlement Class Members;

(c) Lead Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Settlement Class;

(e) Lead Counsel pursued the Litigation entirely on a contingent basis;

- 3 -

    (f)  the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

    (g)  had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants;

    (h)  public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

    (i)  the attorneys' fees and expenses awarded hereby are fair and reasonable and consistent with awards in similar cases within the Tenth Circuit.

  8.  Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $2,500.00 to Lead Plaintiff Carpenters Pension Fund of Illinois for the time it spent directly related to its representation of the Settlement Class.

  9.  Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

  10.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

  IT IS SO ORDERED.


DATED: December 18, 2020    *s/ John W. Lungstrum*
                JOHN W. LUNGSTRUM
                UNITED STATES DISTRICT JUDGE